UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH K BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-01476-TWP-MJD |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Deborah K. Brown ("Brown") requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3). For the reasons set forth below, the Magistrate Judge recommends the decision of the Commissioner be **AFFIRMED.**

**I. Background**

Brown filed her application for DIB on December 9, 2011, alleging February 10, 2011 as the onset date of her disability. [R. at 153.] In her disability report filed in conjunction with her application, Brown listed carpal tunnel and fibromyalgia as her disabling impairments.[1] [R. at 199.] Brown's application was denied initially on April 18, 2012 and upon reconsideration on June 11, 2012. [R. at 81, 91.] Brown timely requested a hearing on her application, which was held before Administrative Law Judge Elliot Bunch ("ALJ") by video teleconference on March 20, 2013. [R. at 38.] The ALJ issued his decision on May 13, 2013, again denying Brown's

---

[1] Brown recited the relevant factual and medical background in her opening brief. [*See* Dkt. 14.] The Commissioner, unless otherwise noted herein, does not dispute these facts. [*See* Dkt. 19.] Because these facts involve Brown's confidential and otherwise sensitive medical information, the Court will incorporate by reference the factual background in the parties' briefs and articulate specific facts as needed below.

1

application for DIB [R. at 22] and on July 12, 2014 the Appeals Council denied Brown's request for review, making the ALJ's decision the final decision of the Commissioner for the purposes of judicial review. [R. at 1-7.] Brown timely filed her Complaint with this Court on September 10, 2014, which Complaint is now before the Court.

## II.  Legal Standard

To be eligible for DIB, a claimant must have a disability pursuant to 42 U.S.C. § 423. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the Commissioner, as represented by the ALJ, employs a five-step sequential analysis: (1) if the claimant is engaged in substantial gainful activity, she is not disabled; (2) if the claimant does not have a "severe" impairment, one that significantly limits her ability to perform basic work activities, she is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at step three and she is able to perform her past relevant work, she is not disabled; and (5) if the claimant is not found to be disabled at step three and either cannot perform her past relevant work or has no past relevant work but she can perform certain other available work, she is not disabled.  20 C.F.R. § 404.1520.  Before proceeding from step three to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"), identifying the claimant's functional limitations and assessing the claimant's remaining capacity for work-related activities.  S.S.R. 96-8p. If the ALJ finds that the claimant is

disabled or is not disabled at a step, he will make his determination and not go on to the next step. 20 C.F.R. § 404.1520(a)(4).

The ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* This Court may not reweigh the evidence or substitute its judgment for that of the ALJ but may only determine whether substantial evidence supports the ALJ's conclusion. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008) (citing *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (citing *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985); *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir. 1984)). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into his reasoning" and "build an accurate and logical bridge from the evidence to his conclusion." *Dixon*, 270 F.3d at 1176.

### III. The ALJ's Decision

In his decision, the ALJ first determined Brown met the insured status requirements of the Act through December 31, 2015, and has not engaged in substantial gainful activity since February 10, 2011, the alleged onset date. [R. at 27.] At step two, the ALJ found Brown's "fibromyalgia, monaural hearing loss, and depression" to be severe impairments, as defined by the Act, because they have a more than minimal effect on Brown's ability to do basic work activities. [*Id.*] However, at step three the ALJ found Brown's impairments do not meet or

3

medically equal a listing by evaluating the following: Sections 1.04 and 11.00 for her fibromyalgia; Section 2.10 for her monaural hearing loss; and Section 12.04 for her depression. [R. at 28.]

At step three but before step four, the ALJ, after "careful consideration of the entire record," determined Brown has the RFC to perform work that does not require:

> [E]xertion above the light level (20 CFR 404.1567(b)); or more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling; or more than simple, routine, repetitive tasks, with one or two-step instructions; or hazards occasioned by monaural hearing.

[R. at 30.] Having made this RFC assessment, the ALJ found at step four Brown is unable to perform any past relevant work. [R. at 31.] However, considering Brown's age, education, work experience, and RFC, the ALJ found at step five there are jobs that exist in significant numbers that Brown can perform. [R. at 31-32.] Specifically, the ALJ found Brown is able to perform work as a sorter, an office helper, a ticket seller, and a furniture rental clerk. [R. at 32.] Based on these findings, the ALJ concluded that Brown is not disabled, as defined by the Social Security Act. [R. at 32-33.]

### IV. Discussion

On appeal, Brown makes three arguments as to why the decision of the Commissioner should be reversed. [Dkt. 14.] First, Brown argues substantial evidence does not support the ALJ's step three finding that her fibromyalgia does not meet or medically equal a listing, and the ALJ erred by offering only a perfunctory analysis of the listings. [*Id.* at 11-14.] Second, Brown argues, pursuant to sentence six of 42 U.S.C. § 405(g), the Court should remand this case to the ALJ to reconsider his decision in light of new and material evidence. [*Id.* at 15-16.] Finally Brown argues the ALJ improperly applied SSR 96-7p when assessing her credibility. [*Id.* at 17-21.]

4

### A. Step Three Determination

Brown argues the ALJ did not sufficiently explain in his step three analysis why her fibromyalgia does not meet or medically equal a listing. Generally, at step three, the ALJ "must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). However, the claimant "has the burden to present medical findings that match or equal in severity all the criteria specified by a listing." *Knox v. Astrue*, 327 F. App'x 652, 655 (7th Cir. 2009) (citing *Sullivan v. Zebley,* 493 U.S. 521, 531 (1990)). Thus, if state agency physicians determine a claimant does not meet or medically equal a listing, and the claimant offers no evidence to the contrary, it is "unnecessary for the ALJ to articulate her reasons for accepting the state agency physicians' determination of not disabled." *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004); *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006); *Knox*, 327 F. App'x at 655.

Because fibromyalgia is not a listed impairment, it cannot "meet" a listing. SSR 12-2p at 6. Thus, when assessing a claimant's fibromyalgia at step three, the ALJ must determine whether the claimant's fibromyalgia "medically equals" a listing. *Id.*; *Lindley v. Colvin*, No. 2:12-CV-00190-WTL, 2013 WL 5328238, at *5 (S.D. Ind. Sept. 20, 2013). In this case, the ALJ considered whether Brown's fibromyalgia medically equaled Listing 1.04, Disorders of the Spine, and Listing 11.00, Neurological System. [R. at 28.] State agency reviewing physicians Dr. M. Brill ("Dr. Brill") and Dr. Mark Ruiz ("Dr. Ruiz") opined in their Disability Determination and Transmittal forms that Brown's impairments did not meet or medically equal a listing. [R. at 76-77.][2] An ALJ may rely solely on the opinions of state medical experts, as expressed in their

---

[2] In box 22 of their Disability Determination and Transmittal forms, Dr. Brill and Dr. Ruiz entered "J1." [R. at 76-77.] This indicates their opinions that Brown is not entitled to benefits because Brown has the capacity for substantial gainful activity for jobs other than her relevant past work. POMS DI 26510.045. If they had concluded Brown's impairments met or medically equaled a listing, they would have indicated so by entering "A1" or "B1" in box 22. *Id.*

5

Disability Determination and Transmittal forms, when making his determination as to whether a claimant's impairments meet or medically equal a listing. *Knox*, 327 F. App'x at 655 (holding that the ALJ did not err in determining that a claimant's impairment did not meet or medically equal a listing when "[t]wo state-agency physicians concluded [the claimant's] impairments did not meet or medically equal a listing."); *Scheck,* 357 F.3d at 700; *Baker v. Colvin*, No. 1:12-CV-1814-WTL-MJD, 2014 WL 900921, at *4 (S.D. Ind. Mar. 6, 2014). Thus, Brown bore the burden to submit medical evidence to contradict the conclusion of the state medical experts that her fibromyalgia does not meet or medically equal a listing. *See Scheck,* 357 F.3d at 700-01. Brown has not met that burden.

     Listing 1.04 requires a "disorder of the spine… resulting in compromise of a nerve root (including the cauda equina) or the spinal cord." The claimant has provided no medical evidence that she satisfies this listing. [*See* Dkt. 14 at 3-7.] While a nerve conduction study was performed on Brown, her "[p]araspinal muscles were not tested." [R. at 365.] Furthermore, Brown has provided no medical evidence that her fibromyalgia meets or medically equals any listing in Section 11.00. [*See* Dkt. 14 at 3-7.] For example, Section 11.00 includes listings for epilepsy, brain tumors, parkinson, cerebral palsy, multiple sclerosis, and muscular dystrophy. 20 C.F.R. Pt. 404, Subpt. P, App. 1. Brown has provided no evidence that her fibromyalgia meets or medically equals any of these listings. [*See* Dkt. 14 at 3-7.] Additionally, Brown claims that the ALJ should have considered whether her fibromyalgia meets or medically equals Listing 14.09 for inflammatory arthritis, but once again, provides no medical evidence to support a claim that her fibromyalgia meets or medically equals inflammatory arthritis. [*Id.*]; *Shinabarger v. Barnhart*, No. 1:05-CV-0276DFH-TAB, 2006 WL 3206338, at *11 (S.D. Ind. Mar. 31, 2006) (holding that the ALJ was not required to consider claimant's fibromyalgia under Listing 14.09 when the claimant failed to provide any evidence she could meet the requirements of that listing).  Finally,

6

Brown did not provide an opinion of a medical expert to support that her impairments meet or medically equal any listing. *See Steward v. Bowen*, 858 F.2d 1295, 1299 (7th Cir. 1988). Thus, Brown failed to satisfy her burden to provide evidence to contradict the opinions of Dr. Brill and Dr. Ruiz that her impairments do not meet or medically equal a listing.

In sum, the evaluations of Dr. Brill and Dr. Ruiz, the state agency reviewing physicians, support the ALJ's conclusion that Brown's fibromyalgia does not meet or medically equal a listing. (R. at 76-77.) Furthermore, Brown did not provide an expert opinion to contradict that conclusion or medical evidence to support that her fibromyalgia does meet or medically equal a listing. [*See* Dkt. 14 at 3-7.] Thus, it was "unnecessary for the ALJ to articulate [his] reasons for accepting the state agency physicians' determination of not disabled." *Scheck*, 357 F.3d at 700. Accordingly, the Court finds that the ALJ did not err in his step three analysis.

### B. New Evidence

Brown also claims that the Court should remand the case pursuant to sentence six of 42 U.S.C. § 405(g) so the ALJ can reconsider his decision in light of new evidence. Brown seeks to submit an RFC questionnaire filled out by Dr. Steven Neucks ("Dr. Neucks"), [Dkts. 14-1, 14-2,] a "physician's report" created by Dr. Louis M. Wright ("Dr. Wright"), [Dkt. 14-4,] and the transcript of an Indiana Medicaid decision concluding that Brown was disabled. [Dkt. 14-3.] A Court may remand a case pursuant to sentence six of 42 U.S.C. § 405(g) "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The claimant bears the burden of showing that the evidence is new, material, and that she had good cause for not incorporating it in a prior proceeding. *Stepro v. Astrue*, No. 4:10-CV-0149-RLY-DML, 2012 WL 967089, at *3 (S.D. Ind. Mar. 21, 2012) (citing *Waite v. Bowen*, 819 F.2d 1356, 1361 (7th Cir. 1987)).

With regard to Dr. Neuck's questionnaire and Dr. Wright's report, Brown has not shown "good cause for the failure to incorporate [the evidence] into the record in a prior proceeding." 42 U.S.C. § 405(g). Dr. Neucks has treated Brown since May of 2011, and Dr. Wright has treated her since at least 2009. [Dkt. 14-1 at 1; Dkt. 14-4 at 4.] Brown submitted medical records from both doctors in support of her social security disability claim before the ALJ. [*See* R. at 313-376, 389-421, 438-461.] Brown has offered no reason why she could not have obtained the information she seeks to admit from Dr. Neucks and Dr. Wright prior to the ALJ's final decision on her claim. [Dkt. 14 at 16-17; Dkt. 20 at 3-5.] Since Brown was represented by counsel throughout her proceedings, [R. at 13-14,] she is "presumed to have made [her] best case before the ALJ." *Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007). Thus, Brown has not shown "good cause" for her failure to produce Dr. Neuck's questionnaire and Dr. Wright's report prior to the ALJ's decision. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *Watts v. Harris*, 614 F.2d 515, 516 (5th Cir. 1980).

Furthermore, Brown has not met her burden to show that Indiana's Medicaid determination is "material" evidence. Evidence is material if "there is a 'reasonable probability' that the ALJ would have reached a different conclusion had the evidence been considered." *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005) (quoting *Johnson v. Apfel,* 191 F.3d 770, 776 (7th Cir. 1999)). Another government organization's finding that a claimant is disabled is not binding in a social security disability determination. 20 C.F.R. § 404.1504. While the ALJ is required to consider a **prior** government agency's disability determination when making his decision, a government agency's disability determination that occurs **after** the ALJ's decision only requires remand if it meets the requirements of sentence six of 42 U.S.C. § 405(g). SSR 06-03P ("we are required to evaluate all the evidence **in the case record** that may have a bearing on our determination or decision of disability, including decisions by other governmental and

8

nongovernmental agencies") (emphasis added); *Hall v. Astrue*, 218 F. App'x 499, 502 (7th Cir. 2007) (analyzing whether a VA determination of disability subsequent to the ALJ's final decision required remand under the standard set forth in 42 § U.S.C. 405(g)); *see also Latham v. Shalala*, 36 F.3d 482, 483-84 (5th Cir. 1994) (same).

The Indiana Medicaid finding cites to Brown's alleged pain and other physical symptoms. [*See* Dkt. 14-3.] The ALJ already considered this information when formulating Brown's RFC. [R. at 30-31 ("[Brown] stated that she suffers from pain in her shoulders, back, hips, knees, arms and hands, essentially throughout her body . . . . The claimant stated that she could not lift or carry more than five pounds during an eight-hour workday and was limited in her walking, standing, and sitting. She testified to poor sleep.").] The ALJ nevertheless concluded that "the record does not show an inability to work full time within the narrow limits of the RFC adopted here." [R. at 31.] Nothing in the Indiana Medicaid finding creates a "reasonable probability" the ALJ would change his decision.

Brown does not cite to any specific information in the Indiana Medicaid finding that is materially different from the information that was before the ALJ. [*See* Dkt. 14 at 15-16; Dkt. 20 at 4.] Rather, she argues that because Indiana's Medicaid eligibility requirements **may** be more restrictive than the social security administration's eligibility requirements, the finding **could** have altered the ALJ's decision. [Dkt. 20 at 4 (emphasis added).] However, to meet her burden to show materiality, the claimant "must do more than rely on the mere fact that a different agency came to a different conclusion on similar evidence." *Lomax v. Colvin*, No. 13-CV-331-JDP, 2014 WL 4265842, at *14 (W.D. Wis. Aug. 28, 2014) (citing *Hall*, 218 F. App'x at 502). Brown has failed to do so. Therefore, she has not met her burden to show the Indiana Medicaid finding was new and material evidence.

In sum, Brown has not met her burden to show she had good cause for not obtaining Dr. Neuck's questionnaire and Dr. Wright's report prior to the ALJ's finding in her case. Furthermore, Brown has not shown there is a "reasonable probability" the ALJ would have changed his decision had he reviewed Indiana's Medicaid determination. Thus, remand under sentence six of 42 U.S.C. § 405(g) is unavailable.

### C. Credibility Determination

Finally, Brown argues the ALJ improperly weighed the credibility of Brown's statements regarding the intensity, persistence, and limiting effects of her impairments when determining that Brown can perform light work. [Dkt. 14 at 17-21.] She argues the ALJ did not properly assess the credibility of her testimony in accordance with the requirements of SSR 96-7p. [*Id.*] Furthermore, Brown argues the ALJ did not consider the side effects of her medications when making his decision. [*Id.*]

When a claimant's symptoms are not objectively verifiable, SSR 96–7p requires the ALJ to "consider the entire case record and give specific reasons for the weight given to the individual's statements." *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009) (quoting SSR 96–7p). The ALJ "should look to a number of factors to determine credibility, such as the objective medical evidence, the claimant's daily activities, allegations of pain, aggravating factors, types of treatment received and medication taken, and 'functional limitations.'" *Id.* (quoting 20 C.F.R. § 404.1529(c) (2)-(4)). An ALJ's credibility determination will not be overturned unless it is "patently wrong." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

The ALJ concluded that Brown's impairments could reasonably be expected to cause her alleged symptoms, but Brown's statements regarding the intensity, persistence, and limiting effects of her impairments were not credible. [R. at 30-31.] Brown alleged that she suffers from pain "throughout her body," including "her shoulders, back, hips, knees, arms and hands." [*Id.*]

10

Nevertheless, the ALJ concluded Brown is capable of performing "light work." [*Id.*] He noted that Dr. Brill reviewed Brown's medical records and concluded she may perform work that requires "light exertion." [R. at 31.] Similarly, Dr. Jill Rogers's examination of Brown found she had no significant limitations in her movement. [R. at 27-28, 30, 280-82.] Furthermore, the ALJ reviewed the medical records of Brown's treating physicians, Dr. Wright and Dr. Neucks, and concluded that those records did not indicate Brown suffered from limitations severe enough to prevent her from performing light work. [R. at 30.][3] Finally, the ALJ assessed Brown's activities of daily life, noting that she has lived alone since 2009, and that she has not suffered significant limitations in her daily life since she left her previous high pressure workplace. [R. at 31.] Thus, the ALJ had substantial evidence to conclude Brown could perform light work consistent with his RFC assessment.

Brown further argues the ALJ erred when he did not consider the side effects of her medication. However, the ALJ asked Brown at the hearing whether she suffered any side effects from her medications, and Brown responded that she did not. [R. at 52.] Furthermore, in her function report, Brown did not indicate she suffered from any side effects due to her medications. [R. at 216, 224.] Thus, even assuming the ALJ erred when he did not discuss the side effects of Brown's medications in his decision, the error was harmless. *See Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010).[4]

---

[3] More specifically, the ALJ noted that in July 2011, Dr. Neucks wrote that Brown should be able to return to sedentary employment in three to four months. [R. at 30.] Brown argues it is misleading to use that to support the ALJ's decision because Dr. Neucks eventually supported disability benefits for Brown until January 2012, which is six months after his July 2011 letter, not three or four. [Dkt. 14 at 15; R. at 399.] However, the fact that Dr. Neucks supported disability benefits for Brown for two months longer than stated in his letter, standing alone, does not undermine his belief that Brown would eventually be able to return to sedentary work. Brown does not cite to any evidence in the record indicating Dr. Neucks believed that Brown could not perform light work. [Dkt. 14 at 12-13.] Thus, the ALJ did not err by citing to Dr. Neucks's medical records to support the ALJ's conclusion that Brown could perform light work.

[4] Brown also argues the ALJ did not consider that she has to wear hand and wrists braces on each hand every day due to pain and tenderness in her hands. [Dkt. 14 at 22.] However, the ALJ fully considered Brown's carpel tunnel syndrome in his step two analysis, concluding it did not constitute a "severe" impairment. [R. at 27-28.]

11

In sum, the ALJ's credibility determination of Brown's statements regarding her symptoms was not "patently wrong." Furthermore, the ALJ's determination that Brown could perform work requiring light exertion was supported by substantial evidence. Finally, there is nothing in the record to indicate Brown suffered from any side effects due to her medications. Thus, the Court finds that the ALJ did not err by discounting Brown's credibility when formulating her RFC assessment.

## V. Conclusion

For the aforementioned reasons, the Magistrate Judge recommends the decision of the Commissioner be **AFFIRMED**. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  04 NOV 2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

---

Furthermore, Brown failed to properly develop this argument, and therefore the argument is waived. *See United States v. Elst,* 579 F.3d 740, 747 (7th Cir. 2009).